Berwin Cohen (SBN 224549)
berwin@wolfferscohen.com
Attorney for: Kevin Thobias
Wolffers Cohen & Edderai LLP
14 East 4ᵗʰ Street, Suite 501
New York, New York 10012
Tel: (646) 495-1819
Fax: (646) 619-4358

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Kevin Thobias,<br><br>     Plaintiff,<br><br>vs.<br><br>Boosted Ecommerce, Inc. and<br>Boosted NRF Corp.,<br><br>     Defendants. | Case No.<br><br>**Complaint for Breach of Contract; Conversion; Violation of the CFAA, 18 U.S.C. § 1030; Violation of the ECPA, 18 U.S.C. §2510; Unjust Enrichment; Breach of the Implied Covenant of Good Faith and Fair Dealing; Negligence; and Anticipatory Breach**<br><br>DEMAND FOR JURY TRIAL |

Wolffers Cohen & Edderai LLP
14 East 4ᵗʰ Street, Suite 501
New York, NY 10012

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

1    Plaintiff Kevin Thobias ("Plaintiff") alleges against Defendants

2   Boosted Ecommerce, Inc. and Boosted NRF Corp. as follows:

3                    **JURISDICTION & VENUE**

4    1.    Subject matter jurisdiction is invoked pursuant to 28 U.S.C. §

5   1332 because the amount in controversy exceeds seventy-five thousand

6   U.S. Dollars ($75,000.00), and this action is between a resident of the State

7   of Florida as plaintiff and corporate citizens of the State of California as

8   defendants.

9    2.    Venue is proper in this district pursuant to 28 U.S.C. §

10   1391(b)(2) because the events giving rise to this action occurred in this

11   district.

12                        **THE PARTIES**

13    3.    Plaintiff Kevin Thobias is an individual residing in Miami,

14   Florida.

15    4.    Defendant Boosted Ecommerce, Inc. ("Boosted") is a

16   corporation formed under the laws of the State of Delaware, with its last

17   known principal place of business located at 430 Dalehurst Ave., Los

18   Angeles, California 90024.  Boosted is a corporate citizen registered to

19   conduct business in the State of California.

20

5.     Defendant Boosted NRF Corp. ("Boosted NRF") is a corporation formed under the laws of the State of Delaware, with its last known principal place of business located at 430 Dalehurst Ave., Los Angeles, California 90024, and its Delaware registered agent located at Registered Agent Solutions, Inc., 838 WALKER ROAD SUITE 21-2, Dover, Delaware 19904.  Boosted NRF conducts business in the State of California.

## PLAINTIFF'S CASE IN BRIEF

6.     On December 31, 2020, Plaintiff entered into an Asset Purchase Agreement (the "Agreement") in which he agreed to sell certain assets to Boosted in exchange for cash.

7.     For its part, Boosted agreed to make a series of payments to Plaintiff, for a total sum of up to $16,000,000, in accordance with a schedule contained in the Agreement.

8.     Prior to executing the Agreement, in accordance with Boosted's due diligence requests, Plaintiff granted Boosted viewing access only to certain proprietary information, including: (a) login information for two Amazon seller accounts using the seller names "Ajacl" and "Keto Friendly Seller;" (b) related information; and (c) the Private Email Account

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

1   (collectively the "Plaintiff Assets") that were not to be included in the

2   parties' deal.

3       9.      Plaintiff entrusted Boosted with viewing access only to Plaintiff

4   Assets for the sole purpose of due diligence, and Boosted's viewing access

5   to the Plaintiff Assets was limited to the deal's inspection period, which

6   ended on January 31, 2021.

7       10.     After the inspection period, Boosted knowingly and unlawfully

8   seized the Plaintiff Assets and prevented Plaintiff from accessing Plaintiff

9   Assets.

10      11.     Boosted changed the password and/or verification code of

11  Plaintiff's Amazon accounts, hacked Plaintiff's private email address,

12  albertjackson6988@gmail.com (the "Private Email Account"), and began to

13  use Plaintiff Assets for their own benefit to sell goods on the Amazon

14  platform.

15      12.     Boosted has continued to use Plaintiff Assets, without

16  authorization, both after the inspection period, and after Plaintiff demanded

17  several times that Boosted return and restore Plaintiff's access and control

18  over Plaintiff Assets.

19

20

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

13.    Further, on or about June 30, 2022, Boosted breached the Agreement by failing to pay $625,000 to Plaintiff pursuant to the payment schedule outlined in the Agreement (the "June Payment").

14.    On or about July 5, 2022, Plaintiff discovered that Boosted assigned the Agreement to Boosted NRF without notice in further breach of the Agreement.

## STATEMENT OF FACTUAL ALLEGATIONS

15.    Over the course of the past decade, Plaintiff has established several successful businesses as a merchant selling various products to third parties via Amazon.com "seller accounts," which are independent businesses operating on Amazon's seller platform.

16.    On or about October 2020, Boosted was introduced to Plaintiff to inquire regarding a potential sale of certain seller accounts, and other associated tangible and intangible assets, to Boosted in exchange for cash.

17.    On or about November 2020, Boosted and Plaintiff began negotiating the terms of the Agreement.

18.    On or about December 9, 2020, Plaintiff entrusted Boosted with viewing access only to Plaintiff Assets, which were not intended to be part of the deal between the parties, for the sole purpose of due diligence and the

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

1   inspection period ending January 31, 2021, as provided in Section 3.3 of the

2   Agreement.

3       19.   On or about December 31, 2020, Plaintiff and Boosted entered

4   into the Agreement.

5       20.   Pursuant to the Agreement, Plaintiff timely transferred to

6   Boosted all assets purchased pursuant to the Agreement (the "Purchased

7   Assets").

8       21.   The Plaintiff Assets were not purchased by Boosted under the

9   Agreement.

10      22.   Upon execution of the Agreement Boosted confirmed to

11  Plaintiff that the Plaintiff Assets were not included as Purchased Assets.

12      23.   The Agreement required Boosted to make payments to Plaintiff

13  in an amount and according to Agreement Disclosure Schedule 2.04.

14      24.   The Agreement Disclosure Schedule 2.04 obliges Boosted to

15  pay Plaintiff $2,500,000 at the end of the inspection period.

16      25.   The Agreement Disclosure Schedule 2.04 obliges Boosted to

17  pay Plaintiff $5,000,000 on or before June 30, 2021.

18      26.   The Agreement Disclosure Schedule 2.04 obliges Boosted to

19  pay Plaintiff $2,500,000 on December 31, 2021.

20

**Wolffers Cohen & Edderai LLP**
**14 East 4th Street, Suite 501**
**New York, NY 10012**

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

27.     The Agreement Disclosure Schedule 2.04 obliges Boosted to pay Plaintiff $2,500,000 in 2022 via four (4) quarterly payments of $625,000.00 on March 31, 2022, June 30, 2022, September 30, 2022, and December 31, 2022.

28.     Lastly, the Agreement Disclosure Schedule 2.04 obliges Boosted to pay Plaintiff up to $3,500,000 within 30 days of December 31, 2022 based on a calculation provided in the disclosure schedule.

29.     Thus, Agreement Disclosure Schedule 2.04 obliges Boosted to pay Plaintiff a total amount of up to $16,000,000.

30.     Section 3.3 of the Agreement provides "Buyer shall destroy or return all information provided to Buyer in connection with Buyer's due diligence and inspection."

31.     Thus, Boosted had an obligation to destroy or return all information provided to Buyer in the Agreement in connection with Buyer's due diligence and inspection.

32.     Boosted failed to return or destroy the information relating to the Plaintiff Assets after the inspection period closed on January 31, 2021.

33.     Further, Boosted exceeded the permissible viewing access and actually accessed the Plaintiff Assets after the inspection period had closed, and began to use the Plaintiff Assets to sell its products.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

34.    The Plaintiff Assets included Amazon seller accounts.  Seller accounts are valuable property, since Customers often return to buy products from seller accounts they know to operate in a trustworthy and businesslike manner, and companies such as Boosted seek to buy successful seller accounts to expand their own businesses, taking advantage of the fact that a successful seller account is already a viable business with an established place in the market and significant built-in customer goodwill.

35.    Additionally, the Amazon algorithm allows for more successful and established accounts to rank higher on the platform when a customer searches for a product (effectively driving more customer traffic), so companies such as Boosted seek to buy successful seller accounts to take advantage of the seller accounts' traffic due its rank and the algorithm.

36.    In late 2021, Plaintiff tried to use Plaintiff Assets for his own business purposes; however, Plaintiff was unable to access the Plaintiff Assets.

37.    In an attempt to mitigate damages from this lack of access, Plaintiff opened another Amazon account for his business.

38.    Also, Plaintiff began to investigate why he was unable to access the Plaintiff Assets.

39.   Plaintiff's investigation led him to discover that someone was selling various products on the Amazon accounts included in Plaintiff Assets.

40.   Shortly after the discovery of the unauthorized access to the Plaintiff Assets, Plaintiff received a contractual offer from Boosted to purchase Plaintiff Assets.

41.   In fact, on or about October 2021, Boosted reached out to Plaintiff seeking to purchase the Plaintiff Assets.

42.   The parties did not reach an agreement to transfer the Plaintiff Assets.

43.   Plaintiff thus learned that Boosted had exceeded viewing access to his Private Email Account and reset the passwords and/or added certain verification codes, so that Plaintiff could not access the Private Email Account.

44.   Boosted had also reset the login password and/or added certain verification codes to the Amazon "Ajacl" account, which made it impossible for Plaintiff to access the account.

45.   Boosted also reset the login password and/or added certain verification codes to the Amazon "Keto Friendly Seller" account, which made it impossible for Plaintiff to access the account.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

46.     Boosted did not tell Plaintiff of their implementation of the new password(s) and/or added verification code(s) to any of the Plaintiff Assets.

47.     Boosted did not provide the new password(s) and/or added verification code(s) to Plaintiff, and has refused to do so to date.

48.     On or about May 2022, Plaintiff demanded access to the Plaintiff Assets.

49.     A Boosted employee, Adam Epstein, denied Plaintiff's request and refused to provide Plaintiff with access to the Plaintiff Assets.

50.     At this time, Adam Epstein confirmed to Plaintiff that Boosted had used the Plaintiff Assets to sell products on the Amazon platform for Boosted's own benefit.

51.     Plaintiff did not authorize Boosted's access to and utilization of the Plaintiff Assets after the inspection period.

52.     Boosted's use of the Plaintiff Assets for sales activities exceeded the viewing access scope of use authorized by Plaintiff from the time Boosted was entrusted with the Plaintiff Assets during the due diligence and inspection periods.

53.     Boosted has confirmed to Plaintiff that, from October 1, 2021 through May 30, 2022, Boosted generated over $1,500,000 from use of the Plaintiff Assets.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

54.  On or about June 21, 2022, Plaintiff requested for Boosted to provide the status of the June Payment.

55.  In response, Boosted notified Plaintiff that they would not make the June Payment.

56.  Boosted failed to provide the Plaintiff with the required written notice in accordance with the terms of the Agreement.

57.  On or about July 1, 2022, Plaintiff provided Boosted with a written demand for the June Payment and for a return and restoration of Plaintiff Assets.

58.  In response, Boosted repeated to Plaintiff that they do not intend to render the payment due on June 30, 2022 pursuant to the Agreement and that they will not return Plaintiff Assets.

59.  To date, Boosted has failed to make the June Payment and failed to return Plaintiff Assets.

60.  Boosted has further notified Plaintiff that it will continue to exceed viewing access to Plaintiff Assets and actually use Plaintiff Assets for the benefit of Boosted and Boosted NRF without Plaintiff's authorization.

61.     On or about July 5, 2022, Plaintiff discovered that Boosted assigned the Agreement to Boosted NRF without notice in further breach of Section 10.7 of the Agreement.

62.     Section 10.7 of the Agreement states: "Neither party hereto may assign its rights or obligations hereunder without the prior written consent of the other party, which consent shall not be unreasonably withheld or delayed.  No assignment shall relieve the assigning party of any of its obligations hereunder. Notwithstanding anything to the contrary in this Agreement, Buyer may assign its rights to an affiliate or wholly owned subsidiary on notice to, but without the consent of, Seller."

## FIRST CLAIM FOR RELIEF

BREACH OF CONTRACT

(Against Boosted and Boosted NRF)

63.     Plaintiff realleges and incorporates by reference the allegations set forth in each paragraph above as if fully set forth herein.

65.     The Agreement was a contract between Plaintiff and Boosted pursuant to which Boosted agreed to make certain payments to Plaintiff in exchange for the Purchased Assets.

66.     Plaintiff fully performed its obligations by transferring the Purchased Assets to Boosted, in conformance with the Agreement.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

67.    Defendants breached the Agreement by failing to timely make payments to Plaintiff, in particular the June Payment.

68.    To date, Defendants have failed and refused, and continue to refuse, to make the June Payment.

69.    Further, under Section 3.3 of the Agreement, Boosted was obliged to destroy or return all of the information provided by Plaintiff with respect to the Plaintiff Assets after the close of the inspection period.

70.    To date, Defendants failed to destroy or return the information provided by Plaintiff with respect to the Plaintiff Assets.

71.    Defendants failure to destroy the Plaintiff Asset information or return the Plaintiff Assets to Plaintiff prevented Plaintiff from further use of the Plaintiff Assets.

72.    In further breach of Section 10.7 of the Agreement, Boosted assigned the Agreement to Boosted NRF without providing Plaintiff with the required notice.

73.    Boosted NRF had an obligation to perform in accordance with the Agreement.

74.    In addition to not returning the Plaintiff Assets to Plaintiff, Boosted and Boosted NRF used the Plaintiff Assets for their own benefit by

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

selling products via the Ajacl and Keto Friendly Seller accounts, and retaining the proceeds of such sales.

75. Consequently, Boosted and Boosted NRF caused Plaintiff to lose sales opportunities and profits, namely sales via use of the Plaintiff Assets.

76. Plaintiff has suffered harm as a result of Defendants' material breaches of the Agreement and is therefore entitled to damages.

**SECOND CLAIM FOR RELIEF**

CONVERSION

(Against Boosted and Boosted NRF)

77. Plaintiff realleges and incorporates by reference the allegations set forth in each paragraph above as if fully set forth herein.

78. On or about December 9, 2020, Plaintiff entrusted Boosted with access to the Plaintiff Assets.

79. The Plaintiff Assets included a Private Email Account used to manage the "Ajacl" and "Keto Friendly Seller" accounts.

80. The Plaintiff provided Boosted with viewing access to the Plaintiff Assets for the sole purpose of providing information during the due diligence and inspection period. The Agreement acknowledges that Plaintiff entrusted Boosted with viewing access to the Plaintiff Assets for the sole

Wolffers Cohen & Edderai LLP
14 East 4ᵗʰ Street, Suite 501
New York, NY 10012

purpose of providing information during the due diligence and  inspection period.

81.    On or after the inspection period, Boosted and Boosted NRF changed the password to the Private Email Account used to manage the Ajacl and Keto Friendly Seller accounts.

82.    Boosted and Boosted NRF also changed the password(s) and/or verification information for these seller accounts.

83.    By changing the password to the private e-mail account, Boosted and Boosted NRF knowingly prevented Plaintiff from having access to the Plaintiff Assets and converted the Plaintiff Assets to their own use.

84.    Plaintiff maintained the primary right to possess the Plaintiff Assets at all times.

85.    Plaintiff retained the sole right to sell products with the use of the Plaintiff Assets at all times.

86.    Plaintiff did not sell the Plaintiff Assets to Boosted at any time.

87.    Boosted and Boosted NRF were aware of Plaintiff's ownership of the Plaintiff Assets and that Plaintiff only provided viewing access to the Plaintiff Assets and related information for the sole purpose of due diligence during the inspection period.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

88.     Plaintiff did not consent to Boosted or Boosted NRF retaining access to the Plaintiff Assets or related information past the close of the inspection period.

89.     Further, on or about May 2022, Plaintiff demanded that Boosted return the Plaintiff Assets

90.     Plaintiff has demanded a return of the Plaintiff Assets several time since May 2022, but to no avail.

91.     Boosted's and Boosted NRF's refusal to transfer possession of the Plaintiff Assets back to Plaintiff has deprived and continues to deprive Plaintiff of the use of the Plaintiff Assets, while Boosted and Boosted NRF continue to use the Plaintiff Assets for their own benefit.

92.     As a result of Boosted's and Boosted NRF's conversion, Plaintiff has suffered substantial damages, and is continuing to suffer damages as of the date of this writing.

**THIRD CLAIM FOR RELIEF**

VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

(Against Boosted and Boosted NRF)

93.     Plaintiff realleges and incorporates by reference the allegations set forth in each paragraph above as if fully set forth herein.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

94.     Amazon.com maintains a network of computers and servers that store information and data related to the Plaintiff Assets, and allows Plaintiff to engage in interstate and foreign commerce and communication. As such, Amazon owns and maintains one or more "protected computers" as defined in the Computer Fraud and Abuse Act.

95.     Google maintains a network of computers and servers that store information and data related to the Plaintiff Assets, and allow Plaintiff to engage in interstate and foreign commerce and communication. As such, Amazon owns and maintains one or more "protected computers" as defined in the Computer Fraud and Abuse Act.

96.     Plaintiff provided Boosted with viewing access to the Plaintiff Assets for the sole purpose of disclosing information during the due diligence and inspection period.

97.   By refusing to return the Plaintiff Assets, and by commandeering the Plaintiff Assets for its own use, Boosted and Boosted NRF exceeded the scope of viewing access and generally accessed the Plaintiff Assets without authorization and/or beyond the scope authorized by Plaintiff.

98.   While entrusted with viewing access to the Plaintiff Assets, Boosted and Boosted NRF changed the password to the Private Email

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

Account, knowingly altering information in the computer that they did not have a right to alter.

99. Further, Boosted and Boosted NRF used the Private Email Account to manage and sell from Plaintiff's Amazon seller accounts, Ajacl and Keto Friendly Seller, without authorization.

100. Boosted intentionally accessed and used protected computers without authorization, or in excess of its authority, in violation of 18 U.S.C. §§ 1030 (a)(2)(C) and 1030 (a)(5)(c).

101. By accessing, without authorization, or in excess of its authorization, the computers and servers of the accounts maintained by Plaintiff, Boosted has obtained information from such protected computers in violation of 18 U.S.C. §§ 1030 (a)(2)(c) and 1030 (a)(5)(c).

102. Boosted NRF intentionally accessed and used protected computers without authorization, or in excess of its authority, in violation of 18 U.S.C. §§ 1030 (a)(2)(C) and 1030 (a)(5)(c).

103. By accessing, without authorization, or in excess of its authorization, the computers and servers of the accounts maintained by Plaintiff, Boosted NRF has obtained information from such protected computers in violation of 18 U.S.C. §§ 1030 (a)(2)(c) and 1030 (a)(5)(c).

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

104.    The Computer Fraud and Abuse Act, 18 USC §1030(g), provides a civil cause of action to "any person who suffers damage or loss" as a result of a violation of the CFAA.

105.    As a result of Boosted's and Boosted NRF's conduct, Plaintiff has suffered damages and/or loss in excess of $5,000 in the year preceding the date of this filing.

**FOURTH CLAIM FOR RELIEF**

VIOLATION OF THE ELECTRONIC COMMUNICATIONS PRIVACY ACT

(Against Boosted and Boosted NRF)

106.    Plaintiff realleges and incorporates by reference the allegations set forth in each paragraph above as if fully set forth herein.

107.    Boosted and Boosted NRF intentionally accessed Plaintiff's electronic communications without authorization and/or in excess of any authorization from Plaintiff.

108.    The Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510, regulates wire and electronic communications interception and interception of oral communications, and makes it unlawful for a person to "willfully intercept, endeavor to intercept, or procure any other

Wolffers Cohen & Edderai LLP
14 East 4ᵗʰ Street, Suite 501
New York, NY 10012

person to intercept or endeavor to intercept, any wire, oral, or electronic communication," within the meaning of 18 U.S.C. § 2511(1).

109.   Boosted violated 18 U.S.C. § 2511 by intentionally acquiring and/or intercepting, by device or otherwise, Plaintiff's electronic communications, without knowledge, consent, or authorization.

110.   Boosted NRF violated 18 U.S.C. § 2511 by intentionally acquiring and/or intercepting, by device or otherwise, Plaintiff's electronic communications, without knowledge, consent, or authorization.

111.   The contents of data transmissions from and to the Plaintiff Assets constitutes "electronic communications" within the meaning of 18 U.S.C. §2510.

112.   Plaintiff is a "person[s] whose … electronic communication is intercepted … or intentionally used in violation of this chapter" within the meaning of 18 U.S.C. § 2520.

113.   Boosted and Boosted NRF violated 18 U.S.C. § 2511(1)(a) by intentionally intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept Plaintiff's electronic communications.

114.   The Electronic Communications Privacy Act of 1986, 18 USC §2520(a), provides a civil cause of action to "any person whose wire, oral,

Wolffers Cohen & Edderai LLP
14 East 4ᵗʰ Street, Suite 501
New York, NY 10012

or electronic communication is intercepted, disclosed, or intentionally used" in violation of the ECPA.

115.    Boosted and Boosted NRF are liable directly and vicariously for this cause of action.

116.    Plaintiff therefore seeks those remedies provided for by 18 U.S.C. §2520, including such preliminary and other equitable or declaratory relief as may be appropriate, damages consistent with subsection (c) of that section to be proven at trial, punitive damages to be proven at trial, and reasonable attorneys' fees and other litigation costs reasonably incurred.

117.    Plaintiff has additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy, which is ongoing.

118.    Pursuant to 18 U.S.C. §2520, Plaintiff is entitled to preliminary, equitable, and declaratory relief, in addition to statutory damages of the greater of $10,000 or $100 a day for each day of violation, actual and punitive damages, reasonable attorneys' fees, and Boosted's or Boosted NRF's profits obtained from the above-described violations.

## FIFTH CLAIM FOR RELIEF

### UNJUST ENRICHMENT

(Against Boosted and Boosted NRF)

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

119.   Plaintiff realleges and incorporates by reference the allegations set forth in each paragraph above as if fully set forth herein.

120.   Plaintiff entrusted Boosted with the Plaintiff Assets.

121.   Boosted took possession of the Plaintiff Assets

122.   Boosted and Boosted NRF deprived the Plaintiff of any use of the Plaintiff Assets, which were property that rightfully belonged to the Plaintiff.

123.   Boosted and Boosted NRF did not provide any consideration for the Plaintiff Assets to Plaintiff.

124.   Boosted and/or Booster NRF used the Plaintiff Assets without Plaintiff's authorization.

125.   Boosted and Boosted NRF used the Plaintiff Assets for its own benefit and generated over $1,500,000 of sales from the unauthorized use of the Plaintiff Assets.

126.   It would be inequitable and unconscionable to allow Boosted and Boosted NRF to retain and profit from Plaintiff's property without payment to Plaintiff.

127.   Boosted and Boosted NRF have no legal or equitable right, claim or interest to the Plaintiff Assets.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

128.   As a result, Boosted and Boosted NRF were unjustly enriched at Plaintiff's expense and should return the Plaintiff Assets and profits earned from such Plaintiff Assets.

## SIXTH CLAIM FOR RELIEF

BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND

FAIR DEALING

(Against Boosted and Boosted NRF)

129.   Plaintiff realleges and incorporates by reference the allegations set forth in each paragraph above as if fully set forth herein.

130.   California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California. This covenant provides that each party will act in good faith and deal fairly with one another and do nothing that deprives the other party of the benefits of the contract.

131.   Boosted and Boosted NRF breached the covenant of good faith and fair dealing implied in the Agreement by, among other things, (a) failing to render the June Payment to Plaintiff in the amount of $625,000 pursuant to the Agreement, (b) depriving Plaintiff of use of the Plaintiff Assets, and (c) using the Plaintiff Assets beyond the viewing access scope permitted by Plaintiff.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

132.    Plaintiff has performed all obligations required under the Agreement, except any obligations for which performance has been excused.

133.    Boosted's and Boosted NRF's breach of the implied covenant of good faith and fair dealing have caused Plaintiff to suffer damages.

**SEVENTH CLAIM FOR RELIEF**

NEGLIGENCE

(Against Boosted and Boosted NRF)

134.    Plaintiff realleges and incorporates by reference the allegations set forth in each paragraph above as if fully set forth herein.

135.    Boosted and Boosted NRF owed a duty to Plaintiff—arising from the sensitivity and value of Plaintiff Assets and the foreseeability of harm to Plaintiff should Boosted or Boosted NRF fail to safeguard and protect such assets—to exercise reasonable care in safeguarding Plaintiff Assets.

136.    Boosted and Boosted NRF had an additional duty to Plaintiff to maintain the privacy of the information related to Plaintiff Assets.

137.    Federal law and regulations, as well as the Agreement, acknowledge Boosted's and Boosted NRF's duty to adequately protect Plaintiff Assets and related information.

138.   Boosted and Boosted NRF owed a duty to Plaintiff to protect his sensitive and valuable assets from unauthorized use, access, or disclosure.

139.   Plaintiff's willingness to entrust Boosted with his valuable confidential information related to Plaintiff Assets, was predicated on the understanding that Boosted and its assignees and their agents would undertake adequate care to secure Plaintiff Assets from unauthorized use.

140.   But for Boosted's and Boosted NRF's breaches of their duties, Plaintiff Assets would not have been used in an unauthorized manner that ultimately deprived Plaintiff of using Plaintiff Assets.

141.   Plaintiff was a foreseeable victim of Boosted's andor Boosted NRF's unauthorized use of the Plaintiff Assets.

142.   Boosted and Boosted NRF knew or should have known that unauthorized access would cause damage to Plaintiff.

143.   Boosted's and Boosted NRF's negligent conduct provided a means for unauthorized access to Plaintiff Assets that ultimately deprived Plaintiff from use of Plaintiff Assets while using Plaintiff Assets for their own benefit.

144.   As a result of Boosted's and Boosted NRF's failure to prevent unauthorized access of Plaintiff Assets, Plaintiff suffered damages that

Wolffers Cohen & Edderai LLP
14 East 4ᵗʰ Street, Suite 501
New York, NY 10012

arose out of Boosted's and Boosted NRF's breach of their legal duties.  The damages Plaintiff suffered were a proximate, reasonably foreseeable result of Boosted's and Boosted NRF's breaches of their duties.

145.   Therefore, Plaintiff is entitled to damages in an amount to be proven at trial.

146.   The injury and harm suffered by Plaintiff was the reasonably foreseeable result of Boosted's and Boosted NRF's failure to exercise reasonable care in safeguarding and protecting Plaintiff Assets.

147.   In addition, Boosted's and Boosted NRF's misconduct as alleged herein is malice, fraud or oppression under Civil Code § 3294(c)(1) and (2) in that it was despicable conduct carried on by Boosted and Boosted NRF with a willful and conscious disregard of the rights of Plaintiff.  As a result, Plaintiff is also entitled to punitive damages against Boosted and Boosted NRF under Civil Code § 3294(a).

**EIGHTH CLAIM FOR RELIEF**

ANTICIPATORY BREACH

(Against Boosted and Boosted NRF)

148.   Plaintiff realleges and incorporates by reference the allegations set forth above in each paragraph of this Complaint as if fully set forth herein.

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

149.   Pursuant to Agreement Disclosure Schedule 2.04, Boosted agreed to provide Plaintiff payment in accordance with the amount and date provided in the schedule.

150.   Boosted and Boosted NRF have repudiated Plaintiff's right to receive payment under the Agreement Disclosure Schedule 2.04, which has not been retracted.

151.   As a result of Defendant's anticipatory breach of the agreed the Agreement, Plaintiff has been damaged in an amount that exceeds $1,875,000 pursuant to the Agreement.

152.   Plaintiff has been forced to retain an attorney to prosecute this action, and is therefore entitled to an award of reasonable attorney's fees and costs incurred herein.

**PRAYER**

153.   WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a.   For an award of actual damages in an amount to be proven at trial;

b.   For an award of exemplary and punitive damages;

c.   For an award of treble damages in accordance with CA Penal Code 496(c).

Wolffers Cohen & Edderai LLP
14 East 4th Street, Suite 501
New York, NY 10012

d.      For an award of attorney's fees and reasonable costs, as applicable;

e.      For pre- and post-judgment interest, as applicable; and

f.      For such other and further relief as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims, damages and any other issues presented herein that are triable to a jury.

Dated: July 8, 2022                          WOLFFERS COHEN & EDDERAI LLP

By: /s/ Berwin Cohen
                                             Berwin Cohen
                                             Attorney for Plaintiff

**Wolffers Cohen & Edderai LLP**
**14 East 4th Street, Suite 501**
**New York, NY 10012**